Plaintiff seeks refund of personal income taxes and interest *1022 with respect to years 1946 and 1947 for which deficiencies were assessed by defendant. The issues for resolution and discussed in Chief Commissioner Marion T. Bennett’s report issued June 29,1970 are (1) whether plaintiff signed and filed waivers pursuant to section 272(d) of the 1989 Internal Revenue Code and (2) whether plaintiff entered into a binding contract of compromise with defendant which precludes his bringing this action pursuant to section 7122 of the 1954 Internal Revenue Code and Treasury Regulations on Procedure and Administration, 26 C.F.R. § 301.7122-1 (a) and (c) (1970). Plaintiff asserts that the assessments made against him were invalid since he did not sign a Form 870, Waiver of Restrictions on Assessment and Collection. Defendant replied that the group of records wherein plaintiff’s tax returns and attached waivers would have been kept was destroyed; however, upon the submission by defendant of other documents and oral testimony at a trial before the Chief Commissioner, the Commissioner concluded, upon the entire record and the preponderance of the credible evidence, that plaintiff signed and filed waivers on the assessment and collection of the whole or any part of the deficiencies on his 1946 and 1947 income taxes. Defendant also contends that suit is barred by contract in the form of an offer in compromise, Form 656, signed by plaintiff and accepted by defendant, and which fixed both plaintiff’s liability and the amounts he should pay. The agreement waived the statute of limitations applicable to assessment and collection of the liability sought to be compromised, and plaintiff agreed not to contest the underlying liability in court in event of his default. Plaintiff admits he signed the agreement but seeks to be excused from its consequences because of his desperate personal financial condition. The Chief Commissioner concluded that the agreement was not signed under duress, and since it was freely consented to by taxpayer it was valid and binding on plaintiff. The case comes before the court, after the filing of the opinion and report by the Chief Commissioner, on plaintiff’s motion to dismiss and defendant’s motion for judgment. Upon consideration thereof, the court by order of February 5, 1971 denied defendant’s motion for judgment, granted plaintiff’s motion to dismiss, *1023 with, 'prejudice, and dismissed plaintiff’s petition, with, prejudice.